Filed 6/21/22  P. v. Aivazian CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RYAN DOUGLAS AIVAZIAN, Defendant and Appellant. | F082813 (Super. Ct. No. F19905466) OPINION |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P. J., Meehan, J. and DeSantos, J.

Appointed counsel for defendant Ryan Douglas Aivazian asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. After requesting supplemental briefing, we vacate the portion of the judgment ordering payment of a probation report fee. In all other respects, we affirm.

## BACKGROUND

On January 13, 2018, defendant and two other people—Joie Carrell, who was a fellow gang member, and a woman—went to the house of the victim, who was allegedly having a sexual relationship with Carrell's minor daughter. Defendant and Carrell entered the victim's garage and a fight ensued between Carrell and the victim. Carrell stabbed the victim, then took his motorcycle, a drill, and Carrell's daughter's backpack. Carrying a helmet, defendant left with Carrell.

On October 7, 2019, the Fresno County District Attorney filed a 39-count information against defendant and four codefendants. The information charged defendant with home invasion robbery (Pen. Code, § 211;[1] count 3) and further alleged defendant committed the offense in concert with two other people (§ 213, subd. (a)(1)(A)) and committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(4)(B)). The information also charged defendant with first degree burglary with a nonparticipant present (§§ 459, 460, subd. (a); count 5) and further alleged another person who was not an accomplice was present during the commission of the offense (§ 667.5, subd. (c)(21)) and the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

On December 16, 2019, defendant pled no contest to count 3 and admitted both allegations. Count 5 and its allegations were dismissed.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

On January 29, 2021, defendant moved to withdraw his plea. The prosecution filed an opposition to the motion.

On April 29, 2021, the trial court denied the motion to withdraw the plea.

The same day, the trial court granted the prosecution's motion to dismiss the 15-year-to-life gang allegation (§ 186.22, subd. (b)(4)(B)) pursuant to section 1385, subdivision (c). The court then sentenced defendant on count 3 to the middle term of six years in prison, granted custody credits, and imposed various fines and fees.

On May 19, 2021, defendant filed a notice of appeal. The trial court granted his request for a certificate of probable cause.

## DISCUSSION

The parties agree, as do we, that we must vacate the probation report fee (§ 1203.1b) imposed in this case.

While this appeal was pending, the Legislature passed Assembly Bill No. 1869, which adopted section 1465.9 (2019–2020 Reg. Sess.) (Stats. 2020, ch. 92, § 62), amended by Assembly Bill No. 177 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 257, § 35), and Government Code section 6111 (Stats. 2020, ch. 92, § 11). These statutory provisions provide that the enumerated fines and fees may not be collected after July 1, 2021. In this case, the probation report fee imposed by the trial court became unenforceable and uncollectible, and any portion of the judgment imposing the unpaid balance of that fee must be vacated.

We find no other evidence of any arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The balance of the probation report fee (§ 1203.1b) that remains unpaid as of July 1, 2021, is vacated. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward a copy to the appropriate entities.